UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re:                                                                    Chapter 11

MUSICLAND HOLDING CORP., *et al.*,[1]         Case No. 06-10064 (SMB)
                                                                          (Jointly Administered)
                              Debtors.
-------------------------------------------------------------------x

# FINAL DECREE

Upon consideration of the motion (the "<u>Motion</u>")[2] of Hobart G. Truesdell, as the responsible person (the "<u>Responsible Person</u>") of Musicland Holding Corp., *et al.*, the above-captioned debtors (collectively, the "<u>Debtors</u>") for a the entry of an order (i) issuing a final decree closing these cases, (ii) terminating the engagement of the claims and noticing agent, BMC Group, Inc. (the "<u>Claim Agent</u>"), and (iii) authorizing the destruction, abandonment or other disposal of all remaining documents and records (including electronic records, collectively, the "<u>Remaining Records</u>") in the Responsible Person's possession, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein; and venue of the Debtors' chapter 11 cases and the Motion being proper before the Court; and due and proper notice of the Motion having been given and no other or further notice being necessary; and the Motion having been considered at a hearing conducted before the Court on June 3, 2014 (the "<u>Hearing</u>"); and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their creditors and other parties in interest, and that

---

[1] The Debtors are: Musicland Holding Corp., Media Play, Inc., MG Financial Services, Inc., MLG Internet, Inc., Musicland Purchasing Corp., Musicland Retail, Inc., Request Media, Inc., Sam Goody Holding Corp., Suncoast Group, Inc., Suncoast Holding Corp., Suncoast Motion Picture Company, Inc., Suncoast Retail, Inc., TMG Caribbean, Inc., TMG-Virgin Islands, Inc. and The Musicland Group, Inc.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A. The Confirmation Order has become final and non-appealable.

B. The Plan does not require any deposits.

C. The property required to be transferred by the Plan has been transferred.

D. The Responsible Person has assumed the management of the property dealt with by the Plan.

E. All of the payments required to be made under the Plan have been made.

F. All motions, contested matters and adversary proceedings pending during the cases have been resolved.

G. All claims objections pending during these cases have been resolved.

H. The Debtors' estates have been fully administered within the meaning of section 350(a) of the Bankruptcy Code.

I. All statutory fees required to be paid in the Chapter 11 Cases have been paid.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is **GRANTED to the extent indicated. [SMB: 6/10/14]**

2. The Chapter 11 Cases are hereby closed pursuant to section 350(a) of the Bankruptcy Code and Bankruptcy Rule 3022.

3. Notwithstanding the closing of the Chapter 11 Cases and pursuant to the terms of the Plan and the Confirmation Order, the Court shall retain jurisdiction to hear and determine all matters relating to the Chapter 11 Cases without prejudice to the Responsible

Person's right to reopen any of the Chapter 11 Cases pursuant to section 350(b) of the Bankruptcy Code.

4. The Clerk of Court may forward all records to the official record center.

5. Within ten (10) business days of entry of this Order, the Claims Agent shall prepare final claims registers for the Clerk's Office pursuant to the *Guidelines for Implementation of 28 U.S.C. § 156(c)* (the "Guidelines").

6. The Claims Agent shall collaborate with the Clerk's Office and as soon as practicable upon entry of this Order, and will box and transport proofs of claim to the Federal Archives at the direction of the Clerk's Office and pursuant to the Guidelines.

7. Except as provided herein, the Claims Agent is hereby released as notice and claims agent for the Chapter 11 Cases under Bankruptcy Rule 2002, 28 U.S.C. § 156(c) and the Claims Agent Order.

8. The fees and expenses of the Claims Agent incurred under the terms of its engagement, including for post-Effective Date services, shall be paid by the Responsible Person as agreed upon by the parties.

9. The services of the Claims Agent are terminated effective thirty (30) business days from the entry of this Order **provided the Claims Agent has completed the duties imposed under this order. [SMB: 6/10/14]**

10. In the event that the Claims Agent receives any mail related to the Chapter 11 Cases after the entry of this Order, the Claims Agent shall collect and forward such mail on a monthly basis to the Responsible Person at the following address:  Hahn & Hessen LLP, 488 Madison Avenue, New York, New York 10022, Attn:  Mark T. Power, Esq.

11. The Responsible Person is hereby authorized to cancel any outstanding bonds originated by the Responsible Person pursuant to the terms of the Plan.

12. The Responsible Person is authorized to destroy, abandon or otherwise dispose of the Remaining Records, and to make all payments necessary to effectuate such destruction, abandonment or other disposal.

13. The Responsible Person shall not be obligated to pay quarterly fees ("Quarterly Fees") to the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee") for any period beyond the date of this Order; provided, however, that the Responsible Person shall pay to the U.S. Trustee all outstanding Quarterly Fees within ten (10) business days of the date of entry of this Order on the Court's docket.

14. The Responsible Person is authorized, but not directed, to sell the estates' right, title and interest in and to any remaining known or unknown non-material assets of the estates or claims which have not been previously liquidated, sold, transferred or settled. The proceeds from any such sale shall constitute "Residual Funds" as defined in, and shall be distributed or otherwise disposed of pursuant to, this Court's *Order Approving Distribution Procedures in Aid of Implementation of the Plan* [Docket No. 2402].

15. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, this Order shall be immediately effective and enforceable upon its entry.

16. This Court shall retain jurisdiction over any matter arising out of or related to the Chapter 11 Cases as provided in Article 12 of the Plan and over all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: June 10th, 2014
       New York, New York

                                              /s/ STUART M. BERNSTEIN
                                      HONORABLE STUART M. BERNSTEIN
                                      UNITED STATES BANKRUPTCY JUDGE